UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAT TERRY                                                                CIVIL ACTION

VERSUS                                                                   NO. 13-5036

ROBERT HENDERSON                                                         SECTION "B" (3)

## REPORT AND RECOMMENDATION

In September of 2012, petitioner filed this federal *habeas corpus* application in the United States District Court for the Western District of Louisiana. On July 8, 2013, the matter was transferred to this Court.

When the case was received by this Court, the Clerk notified petitioner that the filing was deficient because he had neither paid the required filing fee nor submitted an application to proceed *in forma pauperis,* and the Clerk gave him an opportunity to remedy that defect. Petitioner did not respond to that notice.

On July 31, 2013, the undersigned issued an order directing that, on or before August 15, 2013, petitioner either pay the required filing fee or submit an application to proceed *in forma pauperis*. Petitioner was warned that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed. Rec. Doc. 6. Again, petitioner did not respond.

Because petitioner neither paid the filing fee nor submitted an application to proceed *in forma pauperis*, his petition was not properly filed. See Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, it should be dismissed on that basis.[1]

---

[1] As noted, petitioner originally filed this application in the Western District of Louisiana; however, this is hardly his only such application. He also filed a similar petition in the Middle District of Louisiana, where he was denied relief because he had not exhausted his remedies in the

**RECOMMENDATION**

It is therefore **RECOMMENDED** that petitioner's federal application for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** because he has neither paid the required filing fee nor requested and been granted permission to proceed *in forma pauperis*.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this twelfth day of September, 2013.

                                                **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

state courts. Terry v. Cain, Civ. Action No. 12-765, 2013 WL 634499 (M.D. La. Feb. 20, 2013). He also filed a similar petition directly with this Court in March of 2013. Terry v. Cain, Civ. Action No. 13-577 "B"(3) (E.D. La.). On July 3, 2013, the undersigned issued a report recommending that the petition likewise be dismissed without prejudice based on petitioner's failure to exhaust his remedies in the state courts. That Report and Recommendation is currently pending before the United States District Judge. The similarity and lack of success of the prior petitions may be the reason that petitioner is apparently no longer interested in pursuing the instant application.

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.